**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

|  |  |
|---|---|
| **JAMES C.,**[1] <br><br> Plaintiff, <br><br> v. <br><br> **ANDREW M. SAUL,** Commissioner of Social Security, <br><br> Defendant. | Case No. 3:18-cv-905-SI <br><br> **OPINION AND ORDER** |

George J. Wall and Caitlin S. Laumaker, LAW OFFICES OF GEORGE J. WALL, 825 NE 20th Ave., Suite 330, Portland, OR 97232. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Lisa Goldoftas, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

James C. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

of the Social Security Act (the "Act"). For the following reasons, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff filed applications for DIB and SSI on February 25, 2015, alleging disability beginning in August 2012 due to mental impairments, including bipolar disorder and attention deficit hyperactivity disorder. AR 13, 183-95, 233, 328, 696. Plaintiff was born in 1984 and has a high school education and a bachelor's degree in business administration. AR 22, 34, 36, 183, 190, 224. He has past work experience as a restaurant waiter/server and as a telemarketer. AR 37, 54, 250.

The Commissioner denied Plaintiff's application initially and upon reconsideration. AR 112-22. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 135-36. In a decision dated March 10, 2017, the ALJ issued a decision finding Plaintiff was not disabled. AR 16-26. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–6; *see also* 20 C.F.R. § 422.210(a). Plaintiff seeks judicial review of that decision. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially

dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

> 5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*Id. See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140–41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. § 404.1566 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953–54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ performed the sequential analysis described above. AR 15-24. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date; additionally, the ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2018. AR 15. At step two, the ALJ found Plaintiff had the severe impairments of bipolar I disorder and attention deficit hyperactivity disorder. AR 16. At step three, the ALJ

found Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the specific impairments listed in the regulations. *Id.*

The ALJ next determined Plaintiff's RFC and found she could perform a full range of work at all exertional levels with the following limitations:

> [Plaintiff] can perform simple, routine tasks with a reasoning level of 1-2 that allow no more than occasional, superficial contact with members of the public and coworkers.

AR 18. At step four, the ALJ found Plaintiff was unable to perform any of his past relevant work. AR 22. The ALJ determined at step five that Plaintiff is able to perform jobs that exist in significant numbers in the national economy, including products assembler, janitor, and construction laborer. AR 23. Accordingly, the ALJ found Plaintiff was not disabled. AR 23-24.

## DISCUSSION

Plaintiff argues that the ALJ erred in the following ways: (A) improperly evaluating the medical source evidence; and (B) failing to credit Plaintiff's subjective symptom testimony.

### A.    Medical Source Evidence

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Generally, "a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). If a treating physician's opinion is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling

weight. *Id.; see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific and legitimate reasons" for discrediting the treating doctor's opinion. *Id.*

In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Orn*, 495 F.3d at 631. As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F. 2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ may reject an examining, non-treating physician's opinion "in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995), *as amended* (Oct. 23, 1995). Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews*, 53 F.3d at 1042–43.

Plaintiff argues that the ALJ improperly rejected the opinion of treating psychiatrist Slater Tai, M.D. Dr. Tai was Plaintiff's treating psychiatrist. AR 686-90. In December 2016, Dr Tai completed a mental residual functional capacity assessment and opined that Plaintiff was

weight. *Id.; see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific and legitimate reasons" for discrediting the treating doctor's opinion. *Id.*

In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Orn*, 495 F.3d at 631. As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F. 2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ may reject an examining, non-treating physician's opinion "in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995), *as amended* (Oct. 23, 1995). Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews*, 53 F.3d at 1042–43.

Plaintiff argues that the ALJ improperly rejected the opinion of treating psychiatrist Slater Tai, M.D. Dr. Tai was Plaintiff's treating psychiatrist. AR 686-90. In December 2016, Dr Tai completed a mental residual functional capacity assessment and opined that Plaintiff was

precluded from understanding and remembering detailed instructions; maintaining attention and concentration for at least two straight hours; and completing a normal workday and workweek without interruptions from psychologically based symptoms without an unreasonable number and length of rests. AR 687-88. Dr. Tai also wrote that Plaintiff was substantially impaired in remembering locations and work-like procedures; working around coworkers without distracting them or exhibiting behavioral extremes; responding appropriately to expected and unexpected changes in work settings; and being aware of normal hazards and taking necessary precautions. AR 687-89. He noted that Plaintiff has a history of "getting emotionally labile" with "tearful, giddy, [and] pressured speech." AR 688. Dr. Tai wrote that Plaintiff's symptoms existed since at least 2009 and concluded that workplace stress would increase Plaintiff's level of impairment. AR 689.

Dr. Tai's opinion was contradicted by the opinions of psychological consultants Ben Kessler, Psy.D., and Bill Hennings, Ph.D., who assessed no more than moderate limitations in concentration also found no significant limitations in sustained concentration and persistence. AR 58-83, 86-111. The ALJ was therefore required to provide specific, legitimate reasons for rejecting Dr. Tai's controverted opinion. *Lester*, 81 F.3d at 830.

The ALJ rejected Dr. Tai's opinion for two reasons. AR 21-22. First, she found that Dr. Tai's treatment notes did not support his conclusions about Plaintiff's ability to remember work locations and procedures, understand and remember more than three-step instructions, and maintain attention and concentration for at least two straight hours. AR 22. Contradictions between a doctor's assessment of a claimant's ability and that doctor's own treatment notes about the claimant's capabilities "is a clear and convincing reason for not relying on [a] doctor's opinion." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Here, for example, the ALJ

noted that Dr. Tai frequently observed that Plaintiff's cognition, judgment, and insight were within normal limits, despite his assessment of substantial impairments in Plaintiff's memory and other cognitive functions. *See, e.g.,* AR 409, 412, 551, 557, 569, 578, 589, 595, 608, 639, 642, 645. Dr. Tai's repeated observations of Plaintiff's normal cognition support the ALJ's rejection of Dr. Tai's conclusion that Plaintiff could not sustain a normal job due to his mental limitations. *Bayliss*, 427 F.3d at 1216.

As a second reason for rejecting Dr. Tai's opinion, the ALJ noted that Plaintiff's activities evidenced symptom stability and positive response to treatment inconsistent with Dr. Tai's opinion that engaging in simple work would increase Plaintiff's level of impairment. AR 22, 688-89. A physician's opinion regarding a claimant's level of impairment may be rejected because it is unreasonable in light of other evidence in the record. *Morgan v. Comm'r*, 169 F.3d 595, 601 (9th Cir. 1999). Here, the record shows that Plaintiff was able to function consistently well in his daily activities, including playing several instruments and working out every day. AR 22. Plaintiff's ability to perform activities that require a significant amount concentration on a regular, routine basis supports the ALJ's finding that his mental symptoms were more stable than indicated in Dr. Tai's report and thus constitutes a clear and convincing reason to reject Dr. Tai's conclusions. *Morgan*, 169 F.3d at 601-02. On this record, the ALJ provided specific, legitimate reasons for rejecting Dr. Tai's assessment that Plaintiff could not sustain employment due to his mental symptoms and limitations. The ALJ's evaluation of the medical evidence is affirmed.

**B.    Subjective Symptom Testimony**

There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

"First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345–46).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, *available at* 2017 WL 5180304 (republished Oct. 25, 2017). SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *2; *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). The Commissioner recommends

that the ALJ examine "the entire case record, including the objective medical evidence and individual's statements about the intensity, persistence, and limiting effects of symptoms statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *7. The Commissioner recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id.* at *6–7.

The ALJ's evaluation of a claimant's subjective symptom testimony may be upheld overall even if not all of the ALJ's reasons for rejecting the testimony are upheld. *See Batson*, 359 F.3d at 1197. The ALJ may not, however, a reject testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

At the hearing, Plaintiff testified that he was completely disabled by his mental impairments, which include bipolar disorder, anxiety disorder, and ADHD. AR 41, 265. Plaintiff described cycles of hypomanic episodes followed by a crash during which he is unable to perform substantial gainful activity. AR 42. He testified that he experiences depression for months at a time, followed by a hypomanic state that lasts less that one week. AR 18, 50. He reported having little energy when depressed and difficulty controlling his impulses when in a

manic state. AR 18, 39-42, 50-52. Plaintiff reported difficulties with memory, understanding, following instructions, talking, and completing tasks. AR 16, 270. He stated that he could only pay attention for a few minutes. *Id.*

The ALJ rejected Plaintiff's testimony to the extent that it conflicted with the RFC. AR 18, 20. She first considered Plaintiff's daily activities and found they were "less limited than would be expected given his allegations of disabling symptoms and limitations." AR 20. A claimant's daily activities may be grounds for rejecting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment. *Molina v. Astrue,* 674 F.3d 1104, 1112-13 (9th Cir. 2012). Here, the ALJ noted that Plaintiff was able to play the drums, violin, and guitar; go to the gym daily; drive, walk and use public transportation; teach music lessons; play basketball; socialize with family and friends; travel out of state; and go on camping trips. AR 20, 394, 397, 677. This contradicts Plaintiff's allegations of difficulty concentrating and paying attention for more than a few minutes. AR 270.

Plaintiff argues that there is no contradiction between his activities and his statements because of the cyclical nature of his impairments. Treatment records however show that Plaintiff rarely described his depressive episodes to treatment providers as interfering with his activities of daily living. *See* AR 545-645. Because Plaintiff was able to engage in activities requiring significant attention and concentration on a consistent basis, it was reasonable for the ALJ to infer that he was less limited than alleged in his testimony. *Molina,* 674 F.3d at 1112-13. The ALJ therefore provided a clear and convincing reason to reject Plaintiff's testimony as to the nature and extent of his limitations. *Id.* at 1112-13.

The ALJ next found Plaintiff's testimony was contradicted by the medical evidence. AR 17, 21. Contradiction with the medical evidence is a sufficient basis for rejecting a

claimant's subjective symptom testimony. *Carmickle*, 533 F.3d at 1161. Here, for example, while Plaintiff testified to difficulty with memory, understanding, and following instructions, psychological consultants Dr. Kessler and Dr. Hennings assessed no more than moderate limitations in concentration. AR 21, 58-83, 86-111. Dr. Kessler also found that Plaintiff was not significantly limited in his ability to carry out short and simple instructions; in his ability to carry out detailed instructions; or in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. AR 66. As discussed above, treating psychiatrist Dr. Tai repeatedly observed that Plaintiff's cognition was "within normal limits." *See, e.g.*, AR 17, 409, 412, 551, 557, 569, 578. The ALJ also noted that examining neurologist Mitchell Finch, M.D., observed in July 2013 that Plaintiff's recent and remote memory were intact. AR 16, 461. Dr. Finch also noted Plaintiff could follow complex commands. AR 16-17, 461. This evidence conflicts with Plaintiff's allegations of debilitating mental symptoms and limitations and therefore supports the ALJ's conclusion. *Carmickle*, 533 F.3d at 1161. In sum, the ALJ provided legally sufficient reasons for rejecting Plaintiff's subjective symptom testimony.

## CONCLUSION

The Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 26th day of September, 2019.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge
